ROBERT R. POWELL, ESQ.    CSB# 159747
DENNIS R. INGOLS, ESQ.      CSB# 236458
BRETT O. TERRY, ESQ.         CSB# 270694
LAW OFFICE OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California 95126
(408) 553-0200 Telephone
(408) 553-0203 Facsimile
E: rpowell@rrpassociates.com

JOSEPH B. WEINBERGER, ESQ. CSB# 136798
WEINBERGER LAW FIRM
1839 Iron Point Road #180
Folsom, California 95630
T: (916) 357-6767 F: (916) 357-6766
E: joe@weinbergerlaw.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| CHRISTOPHER SAUER, et al., | Case No. 2:14-cv-1269 JAM (CKD) |
| Plaintiffs, | |
| vs. | |
| | **STIPULATED PROTECTIVE ORDER** |
| COUNTY OF EL DORADO, et al., | |
| Defendants. | |

**STIPULATION**

Pursuant to the Federal Rules of Civil Procedure 26(c), the parties have met and conferred and agree that the discovery of confidential documents in this matter be made pursuant to the terms of this protective order.

GOOD CAUSE APPEARING, the parties stipulate, through their attorneys of record, to the entry of an order as follows:

1.  All medical and psychological records, reports, evaluations, and related billing pertaining to Plaintiffs shall be deemed to be confidential documents.

2.  All academic/educational documents related to the minor Plaintiffs shall be deemed to be confidential documents.  The designation of documents or information as Confidential and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

3.  The confidential documents referenced above shall be used by defense counsel solely for the prosecution and/or defense of this action and shall be copied only as necessary for these purposes.

4.  Unless otherwise stipulated to by the parties, if any party wishes to use the confidential documents covered by this protective order in any court filing, the confidential documents covered by this protective order shall be filed under seal pursuant to the Court's rules and procedures.

5.  If any person desires to exhibit documents or disclose the confidential documents covered under this stipulation during pretrial proceedings, other than at depositions, such person shall meet and confer with Plaintiffs' counsel, in accordance with the Court's rules and procedures, to reach an agreement on an appropriate method for disclosure.  If Plaintiffs do not agree to such disclosure, the confidential documents shall not be disclosed unless authorized by order of the Court.

6.  Any motion challenging the confidentiality of a document covered by this protective order must be filed under seal.  The parties agree that the prevailing party in a motion to

remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.  A party may apply to the Court for an order that information or materials designated as Confidential are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify the Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its confidential designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the Confidential designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

7.   Except with the prior written consent of counsel for Plaintiffs, no confidential information or document and no information contained therein, may be disclosed to any person other than the following:

    a.   Parties to this action, including any employees and claims administrators of the Parties;

    b.   Counsel for the parties and secretaries, legal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

    c.   Consultants and experts retained by the parties or their counsel for the purpose of assisting in the preparation of this action;

    d.   Insurance carriers with an insurance exposure for liability/damages  in this litigation;

    e.   A witness at any deposition or other proceeding in this action; and/or

f.  Court personnel, including stenographic reporters or videographers engaged in

proceedings as are necessarily incidental to the preparation of the trial of the civil

action, and the finder of fact at the time of trial, subject to the Court's ruling on any

in limine motions and objections of counsel.

8.  Other than Plaintiffs, individuals described in 7(c-f) must agree to comply with the

terms of this protective order by executing the document attached as Exhibit A prior to

receiving or reviewing or receiving information contained within, the confidential documents

covered by this protective order.  Defendants' counsel shall serve the signed document

(Exhibit A) to Plaintiffs' counsel upon its execution; however, Defendants' counsel shall not

be required to serve any Agreement to Comply (Exhibit A) signed by any retained Expert or

consultant any earlier than the date that Expert Disclosures are required to be made for all

persons described in 7(c-f).  Individuals described in 7(c-f) shall not have any power to

authorize further disclosure of confidential documents to any other person.

9.  If any Defendant, or their counsel, who has received the confidential documents learns

that, by inadvertence or otherwise, it has disclosed confidential documents covered by this

protective order to any person or in any circumstance not authorized under this protective

order, the party must immediately: (a) notify Plaintiffs' counsel in writing of the unauthorized

disclosures; (b) use its best efforts to retrieve all copies of the confidential documents; (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and; (d) request such person or persons execute the document that is attached

hereto as Exhibit A.

10. Upon termination of this litigation, the originals and all copies of any documents

containing confidential information shall be returned to counsel for the Plaintiffs or

destroyed, with their destruction being certified under oath in writing to counsel for the Plaintiffs.

11. The Court shall make any such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and adjudicate any dispute arising under it.

**IT IS SO STIPULATED**

Dated:  9/8/14                                    __/S/ Brett O. Terry_____
                                                          BRETT O. TERRY, ESQ.
                                                          Attorney for Plaintiffs


Dated:  9/8/14                                    __/S/ Andrew T. Caulfield_____
                                                          ANDREW T. CAULFIELD, ESQ.
                                                          Attorney for Defendants County of El
                                                          Dorado, Lari McNeill, and Timothy Peterson


Dated:  9/8/14                                    __/S/ Kristina M. Hall_____
                                                          TERENCE J. CASSIDY, ESQ.
                                                          KRISTINA M. HALL, ESQ.
                                                          Attorney for Defendant Alicia Kinsey


Dated:  9/8/14                                    __/S/ James T. Anwyl_____
                                                          JAMES T. ANWYL, ESQ.
                                                          Attorney for Defendant Nicole Williams


**ORDER**

Pursuant to this stipulation, IT IS SO ORDERED


Dated:  September 9, 2014

                                                          _____
                                                          CAROLYN K. DELANEY
                                                          UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order
Sauer, et al., v. County of El Dorado, et al.
U.S. District Court – Eastern District
Case No. CV14-01269 JAM (CKD)